978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff,
and
Frank Cardinale; Michael Ryan; Kevin Walsh; John Payne;
Thomas Doudiet; Gary Montague; Philip Kelber;
William Carey; Louis Mambretti;
Patrick Casserly; Sam Harper,
Intervenors-Appellants,
v.
CITY AND COUNTY OF SAN FRANCISCO, Defendant-Appellee,
SAN FRANCISCO FIRE FIGHTERS, LOCAL 798, INTERNATIONAL
ASSOCIATION OF FIRE FIGHTERS, AFL-CIO,
Defendant-Intervenor-Appellee,
v.
Fontaine DAVIS, Plaintiff-Intervenor-Appellee.
 No. 92-15163.
 United States Court of Appeals, Ninth Circuit.
 Nov. 6, 1992.
 
 1
 Before WALLACE, C.J., POOLE, Circuit Judge, and MARSH,** District Judge.
 
 MEMORANDUM
 
 2
 Fifteen fire fighters (intervenors) appeal from the district court's order granting equitable relief to the City and County of San Francisco (City) with respect to certain promotions to the position of captain in the San Francisco Fire Department. The district court had jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983. The intervenors assert that we have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). Because we decide that intervenors are judicially estopped from raising their arguments on appeal, we decline to address the question of our jurisdiction or the issues raised by intervenors.
 
 
 3
 Before making the promotions at issue in this appeal, the City filed a motion in the district court requesting declaratory and equitable relief. Intervenors joined in that motion. The district court granted the requested relief, adopting the position set forth in the City's motion. Intervenors now challenge that order, arguing that their concurrence in the motion "was based upon the City's application that the promotions sought would be made in conformity with the terms and conditions of the Consent Decree and the selection criteria set forth in the Monitor's Fifteenth Report. At no time did the City indicate that it would make promotions to the rank of Captain on the basis of race alone."
 
 
 4
 Despite intervenors' argued surprise at the promotions made by the City, the record reflects that the City's moving papers identified the distribution of minority and nonminority candidates to be promoted. At oral argument, the City identified by name and race each of the candidates who would be promoted if the City's motion was granted. Intervenors' attorney made statements at oral argument commensurate with knowledge of these facts. Intervenors did not object to the proposed promotions, either in writing or at oral argument.
 
 
 5
 As a general principle, the doctrine of judicial estoppel bars a party from taking inconsistent positions in the same litigation. See Morris v. California, 945 F.2d 1456, 1459 (9th Cir.1991) (Morris ); Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 716 (9th Cir.1990). We have yet to state the requirements for application of this doctrine. Morris, 945 F.2d at 1460. We need not reach that question, however, because we hold that under either the majority or minority view, intervenors are barred from challenging the district court's order.
 
 
 6
 Under the majority view, judicial estoppel is applicable only when the inconsistent assertion is actually adopted by the court in the prior litigation. Stevens Technical Serv. v. SS Brooklyn, 885 F.2d 584, 588 (9th Cir.1989). Intervenors' challenge to the promotions is obviously inconsistent with their earlier joinder in the City's motion. The district court granted the City's motion and agreed with the position taken by the City. Therefore, the requirements of the majority test have been met.
 
 
 7
 Under the minority view, judicial estoppel is applied broadly in all cases where the party has "played fast and loose" with the court, even if the party was ultimately unsuccessful. See Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir.1987). Intervenors joined in the City's motion because it wanted to assure that the nonminority candidates received promotions before expiration of the eligibility list. They now challenge the promotions of minority fire fighters. If intervenors wanted to challenge the promotions made by the City, they should have done so before the district court. Having chosen to join in the City's proposal, however, they cannot argue to us that those promotions were unlawful. Therefore, the requirements of the minority test have also been met in this case.
 
 
 8
 We hold that intervenors are judicially estopped from challenging a district court order granting a motion in which they joined. Under either the majority or the minority rule, it is evident that judicial estoppel is appropriate in this case "to protect the integrity of the judicial process." Morris, 945 F.2d at 1460.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Malcolm F. Marsh, United States District Judge, District of Oregon, sitting by designation